NOT DESIGNATED FOR PUBLICATION

No. 113,466

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LINDON A. ALLEN,
*Appellant*,

v.

KARI BRUFFETT,
Secretary of the Kansas Department for Aging and Disability Services,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; JOHN E. SANDERS, judge. Opinion filed October 2, 2015.
Affirmed.

*Lindon A. Allen*, appellant pro se.

*Michele E. Kraak*, of Kansas Department for Aging, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam:* Lindon A. Allen, a participant in the Sexual Predator Treatment Program at Larned State Hospital, sought habeas corpus relief for the search of his room and the confiscation of some DVDs. Even if we assume everything Allen alleges is true, he has failed to show us that he has standing to raise this issue because he has failed to prove that he had a subjective expectation of privacy that was objectively reasonable. We affirm the district court's dismissal of his K.S.A. 60-1501 petition.

1

*Program staff found some questionable recordings in Allen's room.*

During a search of Allen's room, the staff found two DVDs suspected to contain pornography. They were titled, "Lolida 2000" and "Auditions from Beyond." The back cover of Lolida 2000 contained images of women with no clothing in positions consistent with intimate interactions. Similarly, the back cover of Auditions from Beyond depicted women in varying stages of undress and in what appeared to be intimate positions with a man or another woman.

An investigator watched both DVDs and discovered that they both contained full nudity and sexual content. The investigator described the content of the movies to Dr. Deslauriers, Director of Psychology at the Hospital. Dr. Deslauriers stated that the DVDs should not have been approved by Allen's therapist. Pornography is contraband in the Treatment Program.

When the investigator spoke to Allen about the DVDs, Allen stated that he had ordered the DVDs and his therapist had approved them. Allen also turned over a third DVD titled, "Veronica 2030." This film also contained nudity and sexual acts, so it too was contraband.

When the investigator spoke to the therapist about the DVDs, she stated that she did not watch the DVDs before approving them and that her basis for approving them was that the DVDs were "'not rated'" as opposed to "'unrated.'" After being informed about the content of the movies, she agreed that the DVDs fit the definition of pornography.

Allen filed a grievance alleging that the search of his room violated his Fourth Amendment rights. The treatment team responded to the grievance by informing Allen that the Treatment Program policies allowed the search. On appeal, a grievance officer

again denied Allen any relief, citing the policy that a room can be searched at any time. Finally, in the final step of the exhaustion of his remedies, Allen appealed to the program director, who again responded by citing the Treatment Program policy on room searches.

In turn, Allen filed a petition for writ of habeas corpus under K.S.A. 2014 Supp. 60-1501. Allen alleged that the State violated his Fourth Amendment rights by conducting a warrantless search of his room without probable cause. The State argued in its response that it did not violate Allen's Fourth Amendment rights because he did not have a reasonable expectation of privacy in his room. Alternatively, it argued that even if he could claim some right to privacy in his room, that right was limited and outweighed by the Treatment Program's compelling interest to confiscate contraband for safety and treatment purposes.

The district court summarily dismissed Allen's petition. In its written decision, it stated that "the law is unclear in Kansas as to whether sexual predators confined in treatment programs. . . have any expectation of privacy under the Fourth Amendment from contraband searches or 'shakedowns' of their living spaces or rooms." But, it also found that the State has a compelling interest in keeping pornography out of the Treatment Program and, therefore, the State has the right to search resident rooms for the purpose of removing contraband. Although Allen did not explicitly raise any other constitutional claims, the district court also found that he did not establish any violations under the Fourteenth Amendment.

We think summary dismissal of Allen's petition was appropriate because he has not established that he is entitled to relief. See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

Allen's sole contention on appeal is that the search of his room was unreasonable and, therefore, violated his Fourth Amendment rights. The Fourth Amendment protects

3

against unreasonable searches and seizures. *State v. Brittingham*, 296 Kan. 597, 601, 294 P.3d 263 (2013). But the Fourth Amendment is not implicated when the person challenging the search had no reasonable or legitimate expectation of privacy in the place that was searched. *State v. Robinson*, 293 Kan. 1002, 1013, 270 P.3d 1183 (2012). To establish a legitimate expectation of privacy, a defendant must demonstrate a subjective expectation of privacy in the area searched and that the expectation was objectively reasonable. 293 Kan. at 1014. If a party fails in this burden, he or she does not have standing to bring a Fourth Amendment challenge. See 293 Kan. at 1016.

Court rulings concerning the expectation of privacy of participants in the Treatment Program have evolved with the passage of time. First, in *Merryfield v. Turner*, No. 100,059, 2008 WL 4239118, at *3 (Kan. App. 2008) (unpublished opinion), a panel of our court extended the longstanding rule of no expectation of privacy by prisoners to participants in the Treatment Program. Then, in *Bailey v. Howard*, No. 106,573, 2012 WL 1072816, at *6 (Kan. App. 2012) (unpublished opinion), the panel ruled that in light of an intervening Eighth Circuit ruling dealing with pretrial detainees, participants in the Treatment Program retain their Fourth Amendment right to be free from unreasonable searches. 2012 WL 1072816, at *3. But the court went on to hold in that case that Bailey's limited expectation of privacy in his room did not outweigh the State's compelling interest in searching for and confiscating contraband for treatment and security purposes. 2012 WL 1072816, at *6.

Next, another panel of this court dealt with the issue differently than the *Merryfield* or *Bailey* courts in two separate cases filed on the same day, *State v. Case*, No. 109,339, 2014 WL 349605, at *11 (Kan. App. 2014) (unpublished opinion) and *State v. Chubb*, No. 109,340, 2014 WL 349610 (Kan. App. 2014) (unpublished opinion). In both cases, the panel ruled that personal privacy expectations should be evaluated by applying the two-part test our Supreme Court applied in *Robinson* to all of the facts and circumstances in each individual case. 2014 WL 349605, at *11.

4

We adopt the reasoning used by the *Case* and *Chub* courts. Allen's petition failed to allege sufficient facts establishing his standing to bring a Fourth Amendment challenge. He alleged that his room remains locked at all times and that only he and the staff are able to open the lock. He also alleged that his room was sparsely furnished with a bolted down metal desk and wardrobe. Further, there were no doors on the wardrobe that could obstruct the view of what was stored in it. Finally, the door to Allen's room has a window in it that is covered by a curtain at all times. Allen alleged that only the staff is allowed to raise the curtain and look into his room for safety and well-being checks. He asserts on appeal that this happens constantly. No other characteristics of the room were described in the petition.

Taking all of Allen's allegations as true, his petition did not include facts indicating that he had a subjective expectation of privacy. Allen did not allege any actions on his part to keep some or all of his room hidden from the view of those with authority to check in on him.

The record does not disclose where, exactly, the DVDs were found. Allen did not include any information in his petition about where in his room the DVDs were found. In other words, it is unclear whether the DVDs were sitting in plain sight or whether he took any steps to hide the DVDs in a more private location. It is possible that Allen could have manifested a subjective expectation of privacy in a certain hiding place in his room but such an allegation is entirely absent from his petition. The statute, K.S.A. 2014 Supp. 59-29a22(b)(18), does permit a patient in the program a reasonable amount of individual storage space for private use. But, from this record, we cannot say that statute is implicated here.

Allen's petition lacked any allegations that established standing. We affirm the district court's summary dismissal.

5

Affirmed.